

**SIGNED this 22nd day of November, 2011.**

_____
JOHN C. AKARD
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court

### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE: | BANKR. CASE NO. |
| PHICOF, LLC | 11-52527 |
| *DEBTOR* | CHAPTER 11 |

# Memorandum of Opinion on Motion to Dismiss Case

This is a sad case of a dispute between former business associates. It is an emotional case, second only to the divorce fights which are somehow continued in the Bankruptcy Court. In cases of this type, the high emotions lead to lots of verbal battles and game playing which are normally not seen, and certainly not necessary, in a Bankruptcy context. In many instances, the Bankruptcy filing is simply to gain a tactical advantage in some other court. Business associates tend to use several corporations and/or partnerships, but basically ignore those structures when dealing with each other. Those elements are present in this case.

1

**Background**

Phicof, LLC (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on July 21, 2011.  The Debtor is wholly owned by Andrew B. Phillips, Sr.  The meeting of creditors was held on August 22, 2011; no committee of creditors was formed [Docket Nos. 13 and 15].  On August 25, Comanchero Properties, Ltd., Keystone Estates, Ltd, and Herbert Williamson filed a Motion to Dismiss Bankruptcy Proceeding for Bad Faith Filing (the "Motion to Dismiss") [Docket No. 16].  After discovery, briefing, and continuances, the court held a hearing on the Motion to Dismiss on November 5 and 16, 2011.

Other matters in the Bankruptcy Case having a bearing on the Motion to Dismiss include:

1.  The motion filed August 5, 2011 [Docket No. 7] and order of September 1, 2011 [Docket No. 21] setting September 30, 2011 as the last day to file proofs of claim in this case. Seven claims (all unsecured) have been filed as follows:
    o Claim 1-1 by H. Rittman (Rit) Jones for attorney's fees in the amount of $121,798.95.  The attached statement lists services for various entities, but makes no mention of the Debtor.
    o Claim 2-1 by Massey Itchner & Company, P.C. for accounting fees in the amount of $18,823.00 billed to Phoenix Summit, Ltd.  The attached statement lists a number of services and notes a $5,000 payment by "Andy Phillips" before arriving at the balance due.
    o Claim 3-3 filed November 11, 2011 by the Internal Revenue Service.  This amended claim shows no tax liability by the Debtor.
    o Claim 4-1 by T5 & T6 Collateral Partners, Ltd, in the amount of $154,000.00. The indebtedness arises out of a Note and Loan Agreement dated October 28, 2009 signed by Phoenix Summit, Ltd. and by Andrew B. Phillips and Horace G. Cofer, individually.  The claim asserts that the Debtor is the general partner of Phoenix Summit, Ltd. The claim asserts that the note was renewed October 28, 2010 and the maturity date was May 1, 2012.
    o Claim 5-1 by H. C. Williamson, III for $154,000.00 arising out of a restitution judgment filed December 7, 2011in the 198th Judicial District Court of Kerr County, Texas [The judgment is Debtor's Exhibit 8 and Williamson Exhibit 11 in this proceeding]. The heading notes that the defendant is Phicof LLC and it is a "Judgment of Conviction by the Court; Sentence of Corporate Entity."  The judgment notes that Andrew Phillips is a "High Managerial Agent for Phicof, LLC." Mr. Phillips signed the plea of "Nolo Contendre" as "Mgr." for Phicof LLC.
    o Claim 6-1 by Richard L. Ellison, PC for $5,000 for legal services. No invoice or other justification is attached to the claim.
    o Claim 7-1 by Andrew B. Phillips, Sr. for indemnification of legal fees in an "Unliquidated" amount.  The attached exhibit lists "Potential fees due from or paid by A. Phillips to be indemnified by Phicof, LLC" totaling $480,743.20.

2.  On October 6, 2011, the Debtor filed an objection to the claim of Mr. Williamson, asserting that it had a counter claim to his claim and that the counter claim was "subject to in all things the Motion to Withdraw Reference to the United States District Court

2

Western District of Texas San Antonio Division, pending cause # 5:11-CV-00614-OLG"
[Docket No. 31].  On the same date, the Debtor filed a Motion to Withdraw Reference in
the Contested Matter of the Debtor's Objection to the Claim of Herbert C. Williamson,
III and Debtor's Counter Claim [Docket No. 32].  Mr. Williamson filed a response to the
objection to claim on October 27, 2011 [Docket No. 39].  On November 9, 2011, the
Debtor filed an amended objection and counter claim to Mr. Williamson's claim, subject
to the Debtor's motion to withdraw the reference [Docket No. 58].

3.  On October 28, 2011 the Debtor filed an Application to Employ Jordan, Hyden Womble
Culbreth & Holzer PC as Counsel for Debtor-in Possession [Docket No. 41].    The
application states that "The Debtor is a Texas Limited Liability Company, owned by
Andrew Phillips who serves as the sole managing member" [Application ¶ 4].    The
application states that it has represented Mr. Phillips and entities in which he is involved
since May 2011 in various state and federal suits "that arose out of the same common
nucleus of operative facts" and that the firm continues such representation. [Application ¶
4].  The representation is on a contingent fee based on the success of the matters in state
and federal court [Application: Exhibit C] with limitations on Mr. Phillips' recovery in
the Chapter 11 proceedings [Application: Exhibit B].  On October 31, 2011, Mr.
Williamson filed a motion to disqualify the law firm [Docket No. 49].  On November 1,
2011 the United States Trustee filed an objection to the application [Docket No. 50] in
which the Trustee asserts that the firm does not meet the requirements of § 327(a) of the
Bankruptcy Code[1] which require that the firm be disinterested and not hold or represent
an interest adverse to the estate.  That matter has not been heard, pending resolution of
the Motion to Dismiss.

4.  The Debtor's Schedules and Statement of Financial Affairs were filed August 18, 2011
[Docket No. 11].  The Debtor's Statement of Financial Affairs – 3rd Amended was filed
on October 28, 2011 [Docket No. 45].  The schedules reflect that the Debtor owns no real
property.  Its personal property consists of:
   a.  1% limited partnership interest in Keystone Estates Ltd with an estimated value of
       $30,000.
   b.  1% general partnership interest in Phoenix Summit, Ltd of unknown value.
   c.  0.002657% general partnership interest in Heights of Kerrville, LP of unknown
       value.
   d.  A claim against Mr. Williamson which is presently being litigated, valued at $5M
   e.  A claim against Bank of the Hills for preference in foreclosure of unknown value
   f.  A right to indemnification from Keystone Estates of unknown value.
   g.  A member receivable from Horace Cofer which is estimated at $100,000.

The third amended statement of financial affairs shows that the Debtor has had no income
in the last two years.  The testimony at hearing showed that the Debtor operated as the
general partner of a number of limited partnerships, but that all the assets of those
partnerships had been foreclosed upon in the last two years. Question 5 on page 3 of the
statement of financial affairs shows five properties owned by other partnerships which

---

[1] The Bankruptcy Code is 11 USC §101 *et. seq.*  References to sections are to sections of the Bankruptcy Code
unless otherwise specified.

3

have been foreclosed upon within the last two years.  Question 21 on page 8 shows that Andrew B. Phillips, Sr. is the 100% owner of the Debtor.

5.   The operating reports submitted by the Debtor to the United States Trustee [Docket Nos. 25 and 36] show no income.  The only expense is service charges on a bank account of less than $500, which the testimony revealed was only set up to meet the requirement of the United States Trustee that the Debtor have a Debtor-in-possession bank account.

6.   On November 2, 2011 the Debtor filed a plan of reorganization [Docket No. 53] and a disclosure statement [Docket No. 52].  The plan is jointly proposed by the Debtor and Andrew B. Phillips, Sr. who is the owner and operator of the Debtor.  Mr. Phillips agrees to subordinate any claims he has against the Debtor, including claims for indemnification. The disclosure statement reflects that the plan is based on three things: (1) the potential sale of land owned by partnerships in which the Debtor has a small interest, (2) Mr. Phillips' "proprietary knowledge interest in properties previously developed or pre-developed and foreclosed," and (3) a successful outcome in the litigation against Mr. Williamson.


Other litigation with respect to the Debtor:

• The Judgment of Conviction by Court of December 7, 2010 mentioned above [Debtor's Exhibit 8 and Williamson Exhibit 11].

• Comanchero Properties, Inc., and Keystone Estates, Ltd, vs. Phicof, LLC, A. B. Phillips, and Hill Country Integrity Homes Cause No. 10114A in the 216th Judicial District Court of Kerr County Texas.  The suit was originally filed in February 2010.  Apparently there have been several changes of parties since the suit was originally filed, including a non-suit concerning Hill Country Integrity Homes. There have been counter suits by the defendants against the plaintiffs.  Testimony showed that the case had recently been assigned to a new judge who had issued a notice of pre-trial conference with the attorneys.   A few days before that conference, the Debtor filed this Chapter 11 proceeding.  The Debtor is represented in this suit by the same attorneys who seek to represent the Debtor in this bankruptcy case.  On the day this bankruptcy case was filed, the Debtor filed a Notice of Removal to the United States District Court for the Western District of Texas, San Antonio, Division, where it was given Civil Action No. 5:11-CV-000614.  At hearing, the attorney for the Debtor candidly admitted that one of the reasons for filing the bankruptcy case was to remove the case to the federal court, where a related case (described next) was pending.

• Andrew B. Phillips, Sr. and Margaret Phillips vs. Herbert C. Williamson, III, Kerr County Texas, through its Office of the 198th District Attorney; Amos L. Burton;, individually, and as District Attorney for the 198th District and as Chief Administrator of the District Attorney's Police Force; Todd Burdick, individually and as an "Investigator" for the District Attorney of the 198th District and as a Member of the 198th District Attorney Police Force; The Mosty Law Firm, P.C.; Richard C. Mosty; C. Dixon Mosty; and other, as yet unnamed, co-conspirators; Case No. SA-11-CV-345-OG in the United

4

States District Court for the Western District of Texas, San Antonio Division.  This case was described in the testimony as being related to the state court case mentioned above and involving some of the same facts and circumstances. Apparently it is an attempt to set aside the restitution awarded in the criminal proceeding mentioned above. Williamson's Exhibit 25 is a 135 page Report and Recommendation of the United States Magistrate Judge to the District Judge relating to this case.

### Standards

The court's inquiry into this matter is governed by § 1112(b)[2] which provides that:

(1) Except as provided in paragraph (2) and subsection (c)[3] on request of a party in interest, and after notice and a hearing, court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate for **cause** unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.  (emphasis added).

(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that [there is a reasonable likelihood that a plan will be timely confirmed and that any act or omission of the debtor for which there is reasonable justification will be cured within a reasonable time].

11 U.S.C. § 1112(b).

A non-exclusive list of "cause" for dismissal or conversion is given in § 1112(b)(4) including "(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

While the power to dismiss a case should be used sparingly,

Bankruptcy is an equitable remedy whereby a debtor is clothed with the protection of an automatic stay, preventing his creditors from acting against him for a period of time, in order to facilitate rehabilitation or reorganization of his finances and to promote a "fresh start" through the orderly disposition of assets to satisfy his creditors. … Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings. *Little Creek Development Co. v. Commonwealth Mortgage Corp. (In the Matter of Little Creek Development Company)*, 779 F.2d 1068, 1071 (5th Cir. 1986).

---

[2] As amended by the Bankruptcy Technical Corrections Act of 2010, December 22, 2010.
[3] § 1112(c) prohibits conversion to Chapter 7 of farmers and certain corporations without their consent.

Determining whether the debtor's filing for relief is not in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives and the local financial realities. *Id*. at 1072.

Resort to the protection of the bankruptcy laws is not proper under these circumstances because there is no going concern to preserve, there are no employees to protect, and there is no hope of rehabilitation, except according to the debtor's "terminal euphoria." *Id*. at 1073.

Chapter 11 plans can call for a liquidation:

One other concern of the bankruptcy court was that the plan's primary purpose did not appear to be an effort to reorganize Sandy Ridge as a viable economic entity, and thus ran counter to the overall scheme of Chapter 11. It is true that barring a windfall from its lender liability suit against [a bank], the plan, if carried out, would leave Sandy Ridge as an empty shell, with no assets of any type, and that, on its face Sandy Ridge's plan appears to belong in Chapter 7 rather than Chapter 11. However, our research persuades us that in the Bankruptcy Code Congress did contemplate liquidating reorganizations. *Sandy Ridge Development Corporation v. Louisiana National Bank (In the Matter of Sandy Ridge Development Corporation)*, 881 F.2d 1346, 1352 (5th Cir 1989).

### Discussion

The Debtor asserts that Comanchero Properties, Ltd. and Keystone Estates, Ltd. are not proper parties to bring this Motion to Dismiss because they are not creditors of the Debtor. The Debtor points out that they did not timely file claims in this bankruptcy case and thus asserts that they have no claim against the Debtor. The Debtor also asserts that they have dropped their claims against the Debtor in the state court suit. A motion to dismiss can be filed by any "party in interest." That term is broadly defined in § 1109, but that section does not limit the definition to the examples given. Given the fact that the Debtor still claims an interest in Keystone Estates, and the Debtor's prior dealings with Comanchero, the court finds that they are parties in interest sufficient to bring the Motion to Dismiss.

The Debtor asserts that Mr. Williamson is an insider and thus not able to bring the Motion to Dismiss. An insider with respect to a partnership is defined in §101(31)(C) and it has not been shown that Mr. Williamson fits into any of the listed categories. The Debtor also asserts that Mr. Williamson is not a creditor. The basis for that argument is that he is not entitled to the money shown as the restitution in the criminal judgment. Unless, and until, that judgment is overturned, he is a creditor in this case. The fact that the Debtor disputes his claim is not sufficient. The court finds that Mr. Williamson is a party in interest to bring the Motion to Dismiss.

Although it did not join in the Motion to Dismiss, the United States Trustee supports the motion.

At first blush, this case looks very similar to *Sandy Ridge*, because the plan in this case is based on a successful effort in a law suit. The distinction lies in the fact that *Sandy Ridge* had substantial assets and numerous creditors when it filed bankruptcy. Even before the law suit was to be tried, the plan provided for a distribution of $3,744,500 to a number of creditors, including

$672,000 to unsecured creditors.  In this case, the only assets are contested claims against third parties and miniscule interests in limited partnerships.  Those partnerships own real property for which development is planned.  Given the current real estate market, those plans can best be described as speculative and, even if the properties are developed, the percentage of the profits passed through to this Debtor would be negligible.

Part of the plan in this case describes how Mr. Phillips is knowledgeable about development plans for properties which have been foreclosed upon.  There is no assurance that the properties will be developed as he had envisioned.  His "knowledge" is a personal asset; not an asset of this Debtor.  If his knowledge has value, there is nothing to keep him from using that for his personal benefit or for the benefit of another venture, rather than using it for this Debtor.

Only a few creditors have filed claims in this case but there is no money to pay them.  Other than Mr. Williamson, most of the claimants are apparently professionals hired by Mr. Phillips in connection with his various entities.  Generally their bills reflect services performed for entities other than the Debtor.  They may have a claim against this Debtor because it was the general partner of a partnership which owned the entity for which the services were rendered, but that is not disclosed in most of the claims.  As noted in Mr. Phillips' claim and in some of the other claims, Mr. Phillips has paid a number of the professionals and he seeks reimbursement from the Debtor.  Most of the claims indicate parties, other than the Debtor, from whom the creditor can collect.  The remaining claims appear to be by Mr. Phillips and his related entities and by Mr. Williamson and his related entities.  For these reasons, the court finds there is no need to hold this case open for the benefit of the creditors.

In this case there is no ongoing business to preserve, no employees to protect, no income to the Debtor and no creditors to be considered.  The only prospect of reorganization is the hope of a large judgment in a law suit and the assumption that the judgment could be collected.  The Debtor is not the only claimant in those lawsuits, so there is no way to establish what amount, if any, of any judgment would be awarded to the Debtor.  That hope is, at best, speculative.

In sum, this is a two party dispute between Mr. Phillips and Mr. Williamson.  True, various entities are mentioned, but each is owned or controlled by Mr. Phillips or Mr. Williamson.  These men give the impression of observing the entities when it is to their advantage and ignoring the entities when it is to their advantage.  In this case, Mr. Phillips is trying to use his wholly owned Debtor to his advantage.  The disputes between Mr. Phillips and Mr. Williamson are already firmly entrenched (and have been going on for some time) in law suits.  Adding a bankruptcy case does not aid in the resolution of those matters – it only adds yet another obstacle in the "games" between the parties.  The court finds that this bankruptcy case was simply a litigation tactic and of no benefit to creditors or other third parties.  Therefore "cause" exists for dismissing this case.

There appears no basis for the appointment of a Chapter 121 Examiner.  The appointment of a Chapter 11 Trustee or conversion of the case to a Chapter 7 would be of no benefit because there is no ongoing business and no assets for a trustee to administer.[4]

---

[4] It is distressing to see two business men allow their emotions to get in the way of what is essentially a business deal.  They need to put their emotions behind them, separate their businesses, reach an accommodation (which will

For these reasons, this case will be dismissed.[5]

---

not be pleasing to either), and move on to better, more pleasing, and hopefully, more profitable business ventures. Continued litigation can only be emotionally destructive, horrendously time consuming, and financially devastating.

[5] The attorney for the Debtor certainly gets the "Good Try Award" for putting together an inventive bankruptcy and plan of reorganization for the Debtor.  However, as noted, the court finds the bankruptcy filing to be a litigation tactic and of no benefit to third parties.